**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHN H. WHITE,

                              Plaintiff

- v -                                               Civ. No. 9:12-CV-986
                                                                        (NAM/RFT)

JEFFREY CLARK, *et al.*,

                              Defendants.

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

**ORDER**

On Februray 11, 2013, this Court issued a Mandatory Pretrial Discovery and Scheduling Order, which, *inter alia*, set various pretrial deadlines.[1] Dkt. No. 85. Within that Order, the Court granted Defendants leave to take Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). *Id.* at p. 4. The Order also directs the exchange of certain discovery in this action. *See generally id.*

Recently, Plaintiff has sent a Letter to the Court concerning his upcoming deposition, currently set for some unspecified date in March 2014. *See* Dkt. No. 213. Plaintiff explains that although he would like to participate in his upcoming deposition, he nevertheless refuses to attend because he does not want to leave his legal materials, and other personal property, unattended in his cell. He speculates that when he is absent from his cell, other inmates in the unit will encourage his cell mate to review his papers and pass them around. *Id.*

To the extent Plaintiff's Letter can be construed as asking the Court for a protective order excusing him from his deposition, that request is **denied**. Pursuant to the Federal Rules of Civil

---

[1] Some of those deadlines were extended by this Court on January 9, 2014, when it addressed multiple Motions filed by Plaintiff seeking various forms of relief. Dkt. No. 202. Currently, the discovery deadline is March 31, 2014 and the final day to file dispositive motions is April 30, 2014. *Id.*

Procedure and this Court's Mandatory Pretrial Discovery and Scheduling Order, Plaintiff is obligated to participate in good faith in a properly noticed deposition. *See* Dkt. No. 85 & FED. R. CIV. P. 30. Plaintiff is warned that his failure to attend, be sworn, and participate in his deposition in good faith will result in the Court issuing sanctions, which may include costs associated with the deposition and a recommendation of dismissal of this action. FED. R. CIV. P. 30(g) & 37(b) & (d).

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Letter advising the Court that he will not attend his deposition, to the extent it is construed as a request for a protective order (Dkt. No. 213), is **DENIED**; and it is further

**ORDERED**, that Defendants' counsel is permitted to take the deposition of Plaintiff; and it is further

**ORDERED**, that Plaintiff's disagreement with any directives of security staff at the correctional facility is not a ground on which the Plaintiff may refuse to answer questions; and it is further

**ORDERED**, that the failure of Plaintiff to attend, be sworn, and answer questions may result in sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, which may include an award for costs associated with the deposition and a recommendation of dismissal of this action. However, valid objections made in good faith to inappropriate questions are permissible; and it is further

**ORDERED**, that in accordance with previous Orders, the Court reminds the parties that no motions, pleadings, or other documents may be filed without first seeking leave of the Court. All unauthorized filings shall be returned to the filer by the Clerk of the Court without further order from this Court; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 27, 2014
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge