UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN H. WHITE,

                                        Plaintiff,

        v.                                                      9:12-CV-0986
                                                                (NAM/RFT)

JEFFREY CLARK, et al.,

                                        Defendants.

APPEARANCES:                              OF COUNSEL:

JOHN H. WHITE
08-A-3366
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

HON. ERIC T. SCHNEIDERMAN          KEVIN M. HAYDEN, ESQ.
New York State Attorney General    Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

NORMAN A. MORDUE
Senior United States District Judge

## DECISION AND ORDER

        Plaintiff John H. White commenced this action in forma pauperis by filing a pro se civil

rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. No. 1 ("Compl.").  After reviewing the

sufficiency of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b),

by Decision and Order filed November 20, 2012, the Court dismissed several of plaintiff's

claims and defendants and directed a response by the designated defendants to the following

claims: (1) plaintiff's Eighth Amendment excessive force claims against defendants Caron, Clark, Stockwell, Richards, Conto, LeClair, Sisto, Dishaw, Carr, King, and Fournier and (2) plaintiff's Eighth Amendment medical indifference claims against defendants Smith, Rushford, Travers, Lashway, Rock, and Uhler. *See* Dkt. No. 37 (the "November 2012 Order") at 21. Presently before the Court is plaintiff's motion for preliminary injunctive relief. Dkt. No. 181 (the "PI Motion"); *see also* Dkt. No. 188 (plaintiff's supplemental submissions in support of the PI Motion).

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35, 38 (2d Cir. 2010). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Id.* at 35; *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Id.*; *see also Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom*

*Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore*, 409 F.3d at 511. "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

"The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." (internal quotation omitted)).

Plaintiff's PI Motion was originally filed with the Second Circuit Court of Appeals; the Second Circuit thereafter forwarded the PI Motion to the Northern District of New York for

3

consideration.[1]  *See* Dkt. No. 181-1.  Plaintiff's PI Motion contains a litany of alleged inadequate conditions of confinement that he has experienced at Upstate Correctional Facility ("Upstate C.F.") and expresses his apparent dissatisfaction with the speed or manner in which his prior requests for preliminary injunctive relief have been addressed by this Court. *See generally* Dkt. No. 181.  Construed liberally, plaintiff requests an expedited decision on any motions for preliminary injunctive relief that he filed in this action prior to the filing of the present PI Motion.  *Id.*  Indeed, the gravamen of plaintiff's PI Motion is his alleged inability to obtain prompt preliminary injunctive relief from this Court.  *Id.*  Plaintiff's request for such expedited review is denied as moot because all of those motions were addressed by this Court in its Decision and Order filed on September 12, 2013.  *See* Dkt. No. 187 (the "September 2013 Order").

In light of his pro se status, the Court has also construed plaintiff's PI Motion as a new motion seeking preliminary injunctive relief.  Having thoroughly reviewed the PI Motion in this light, the Court finds that plaintiff's conclusory assertions that Upstate C.F. staff have, among other things, denied him requested video-evidence; interfered with his mail; threatened him; impeded his access to the grievance system, toiletries, and medical care; and placed him with cellmates who pose a danger to him, *see* Dkt. No. 181 at 3-6, are insufficient to warrant any type of preliminary injunctive relief.  Moreover many of these issues were raised in his previously-filed motions for preliminary injunctive relief (*see* Dkt. Nos. 40, 42, 49, 108, and 120), which motions were denied in the September 2013 Order.

---

[1]  In the caption of the PI Motion, plaintiff purports to seek relief in this action, as well as in his three other actions pending in this District.  Dkt. No. 181 at 1 (noting that plaintiff is seeking relief in civil action numbers 9:12-CV-0986, 9:12-CV-1775, 9:12-CV-1892, and 9:13-CV-0392).  Only plaintiff's request for relief in this action, No. 9:12-CV-0986, is presently before the undersigned.

4

For the foregoing reasons, plaintiff's PI Motion is denied in its entirety.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 181) is

**DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  April 8, 2014
           Syracuse, NY

Norman A. Mordue
Senior U.S. District Judge