UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**JOHN WHITE,**

                                  **Plaintiff,**

                                       **- v -**                              **9:12-CV-986 (NAM/DJS)**

**JEFFREY CLARK, et al.,**

                                  **Defendants.**

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

John H. White 08-A-3366
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
John F. Moore, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action under 42 U.S.C. § 1983 alleging excessive force and deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendants move (Dkt. No. 314) for summary judgment on the grounds that the claims of medical indifference are insufficient and/or should be dismissed based on qualified immunity, and that plaintiff failed to exhaust his available administrative remedies prior to bringing this action.

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Daniel J. Stewart issued a Report and Recommendation (Dkt. No. 352) in which he recommends that summary judgment be granted dismissing all official capacity claims for monetary damages and all Eighth Amendment medical deliberate indifference claims against defendants Rushford, Travers, Lashway, Rock, and Uhler. He further recommends denial of summary judgment dismissing the remaining claims – the excessive force claims – because questions of fact exist requiring an exhaustion hearing.

Defendant objects (Dkt. No. 368) to so much of the Report and Recommendation as recommends denial of summary judgment on the issue of failure to exhaust. Plaintiff submits an untimely objection, primarily addressing the medical indifference claims (Dkt. No. 372). The Court accepts plaintiff's objection in view of his *pro se* status. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of the issues.

The Court adopts Magistrate Judge Stewart's summary of the relevant facts and law, and refers the reader thereto. The Court first conducts *de novo* review of whether summary judgment is warranted dismissing plaintiff's claims of deliberate indifference to his serious medical needs. After a thorough review of the record, the Court adopts Magistrate Judge Stewart's analysis of the record before him and his conclusion that no rational jury could find that plaintiff's medical condition was "sufficiently serious" under *Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003),[1] or that defendants knew of and disregarded an excessive risk to his health such that they acted

---

[1] As Magistrate Judge Stewart noted, there is no distinct litmus test for a serious medical condition; rather, the seriousness of a condition is determined by factors such as: "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003).

with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). Plaintiff's objection does not warrant a different conclusion. The Court notes in particular that plaintiff's complaints that the pain medication he was given was "ineffective," that he received "no rehabilitation of injury," that no "specialist neurological exams" were performed until many months later, and similar critiques of the care he received amount to "mere disagreement over the proper treatment," which does not create a constitutional claim. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

The Court also conducts *de novo* review with respect to Magistrate Judge Stewart's recommendation that defendants' summary judgment motion be denied regarding the excessive force claims, and a hearing be held on the issue of exhaustion of administrative remedies. The Court has considered the entire record, including the declaration of Brandi L. Collyer, a Supervisor of DOCCS' Inmate Grievance Program at Upstate Correctional Facility, where plaintiff was housed at the time of the alleged December 1, 2010 incidents; the declaration of Jeffrey Hale, the Assistant Director of the DOCCS' Inmate Grievance Program; plaintiff's deposition testimony; and plaintiff's submissions – which exceed 600 pages – in opposition to this motion. Based on the record and the applicable law, the Court agrees with Magistrate Judge Stewart's recommendation to deny so much of defendants' motion for summary judgment as seeks dismissal of the excessive force claims on the ground of failure to exhaust. Plaintiff is entitled to an evidentiary hearing with regard to whether he in fact exhausted his administrative remedies on his excessive force claims and, if he failed to do so, whether special circumstances justified that failure.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Daniel J. Stewart (Dkt. No. 352) is adopted and accepted in its entirety; and it is further

ORDERED that defendants' motion (Dkt. No. 314) for summary judgment is granted in part and denied in part as follows:

- Plaintiff's Eighth Amendment claim of deliberate indifference to serious medical needs is dismissed with prejudice;
- Defendants Rushford, Travers, Lashway, Rock, and Uhler are dismissed from the action;
- All monetary damages claims against the remaining individual defendants in their official capacities are dismissed;
- Dismissal of plaintiff's excessive force claims based on the alleged events of December 1, 2012 is denied at this point on the ground that a hearing is required; and
- The Court will schedule an evidentiary hearing on the question of whether plaintiff exhausted his administrative remedies regarding his excessive force claims based on the events of December 1, 2012; and it is further

ORDERED that Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

March 31, 2016
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

-4-